# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

RANDY L. KEITH, )
                        Plaintiff, )
v. ) Case No. CIV-09-158-FHS
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
                        Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Randy L. Keith (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on April 16, 1953 and was 53 years old at the time of the ALJ's decision. Claimant obtained his GED and completed additional training in electric motors. Claimant worked in the past at a carwash and in janitorial work. The ALJ, however,

3

determined Claimant had no past relevant work. Claimant alleges an inability to work beginning April 28, 2001 due to neck and shoulder pain, and pain and numbness in his arms related to degenerative disease in his cervical spine. Claimant also claims limitations due to vision problems, COPD, emphysema, and a heart murmur. He suffers from pain due to arthritis or degenerative joint disease in all of his joints. Claimant also has problems with muscle spasms and leg cramps, carpal tunnel syndrome, problems maintaining a grip on objects, medication side effects, memory problems, and sleep problems.

**Procedural History**

On August 29, 2005, Claimant protectively filed for supplemental security income benefits pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On September 14, 2007, an administrative hearing was held before ALJ Lantz McClain in Sallisaw, Oklahoma. On January 7, 2008, the ALJ issued an unfavorable decision on Claimant's application. On March 27, 2009, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

4

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") sufficient to perform light work with additional limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in: (1) failing to consider Claimant was in a borderline age situation in making his decision; (2) ignoring vital probative evidence which contradicted his findings; and (3) engaging in a faulty RFC analysis which did not consider Claimant's severe neck and upper extremity impairments. Claimant also contends the ALJ *de facto* reopened his earlier application.

**Claimant's Borderline Age**

Claimant first asserts the ALJ failed to consider that he occupied a borderline age situation. Three age categories have been established under the regulations: younger person (under age fifty), person approaching advanced age (age fifty to fifty-four), and person of advanced age (age fifty-five and over). 20 C.F.R. § 404.1563. The regulations also recognize that "[the Commissioner] will not apply these age categories mechanically in a borderline situation." Id. "A 'borderline situation' exists when there would

be a shift in results caused by the passage of a few days or months." Soc. Sec. R. 82-46c. This, of course, begs the question as to what amount of time precisely constitutes a "borderline situation." Case authority gives some guidance. While 93 days and less has been found to be within a borderline situation, seven months has been determined to be outside of the borderline. Daniels v. Apfel, 154 F.3d 1129, 1133 (10th Cir. 1998). The burden is placed on the Commissioner to demonstrate that "the claimant's characteristics precisely match the criteria" of the age category in which a claimant is placed. Id at 1135 (citation omitted).

In this case, Claimant was within 3 months and 9 days of reaching age 55 at the time of the ALJ's decision and moving into the "person of advanced age" category. In his decision, the ALJ found Claimant was not disabled under 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.13 which specifically relates to the "person approaching advanced age" category. (Tr. 18). The ALJ did not make any factual findings or discuss the possibility that Claimant was in a borderline situation. The failure to do so considering the minimal period of time until she moved into the next age category constitutes error, since he effectively applied the grids and the age criteria mechanistically – a process specifically prohibited by the regulations. Daniels, 154 F.3d at 1135.

Moreover, if Claimant had been considered in the borderline age category, he could qualify for application of the grids under 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.04. 20 C.F.R. § 416.963(d)-(e); 20 C.F.R. § 416.969a(d).

On remand, the ALJ shall discuss Claimant's borderline age situation and what age category best describes Claimant. Any such finding on this factual issue must be supported by substantial evidence. Here, the ALJ did not discuss the issue and, therefore, the decision was inappropriate and against the prevailing legal authority.

**Consideration of Vital Probative Evidence**

Claimant next contends the ALJ failed to consider vital probative evidence which contradicted his RFC findings. In his decision, the ALJ found Claimant suffered from the severe impairments of glaucoma, status post cataract removal, degenerative disk disease, chronic obstructive pulmonary disease, and status post fracture of the left toes. (Tr. 14).

On February 27, 2002, Claimant was evaluated by Dr. Vallis Anthony. While the ALJ noted Dr. Anthony's finding of decreased range of motion in his left knee, he did not reference decreased sensation in both hands in a glove distribution and decreased grip strength of 4/5. (Tr. 152). Dr. Anthony found shoulder range of

7

motion caused Claimant numbness in both hands in the palmar and dorsal areas. (Tr. 153). Claimant suffered pain with flexion of both his low back and his neck. Id.

Claimant was also evaluated by Dr. Jeremy Fullingim on October 22, 2005. He also found Claimant's grip strength to be 4/5 bilaterally, upper extremity strength to be 4/5 bilaterally, decreased deep tendon reflexes in the upper extremities as well as decreased strength. (Tr. 216-17). Dr. Fullingim also found chronic muscle spasms in Claimant's lumbar and cervical regions. (Tr. 221).

In medical records from Dr. Amelia Lewis, Claimant demonstrated weak hand grasp in a July 2, 2007 visit. (Tr. 517). Claimant experienced left arm weakness such that he dropped things on July 12, 2007. (Tr. 515). In a July 20, 2007 visit, Claimant was found to suffer when turning his head to the left. He also continued suffering from left arm and hand weakness. (Tr. 514). In a September 19, 2007 evaluation, Claimant's pain was aggravated by hyperextending his head. Turning his head from side-to-side caused him considerable pain. (Tr. 513).

The record on review must demonstrate that the ALJ considered all of the evidence. The ALJ is not, however, required to discuss every piece of evidence. But it is clear that, "in addition to

discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996)(citations omitted). The ALJ's decision in this case does not demonstrate the ALJ considered the totality of the significant and probative medical record on the conditions discussed, requiring reversal. On remand, the ALJ shall consider this additional evidence omitted from the prior decision and the effect upon Claimant's RFC.

### RFC Determination

In light of the omission of significant probative evidence bearing upon Claimant's neck and upper extremities, the ALJ shall re-evaluate his RFC determination on remand in light of the evidence of impairment in the medical record originally omitted from his decision.

### *De Facto* Reopening of Prior Application

In his final argument, Claimant contends the ALJ effectively reopened a prior application for Social Security benefits by referencing evidence during the relevant period for that application. Discussing evidence from the period encompassed by the prior application alone does not reopen an earlier claim. Hamlin v. Barnhart, 365 F.3d 1208, 1216 n.8 (10th Cir.

2004)(citations omitted). As such is the case, this Court finds the ALJ did not reopen Claimant's previous application.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of September, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE